UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMANTHA CALDERON,

                              Plaintiff,

               -against-

JOHN DOE; JOHN DOE; MUNAPLITY/
COPERATE QUO/8.30G,

                              Defendants.

24-CV-3991 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Samantha Calderon, who is proceeding *pro se*, brings this action invoking the Court's federal question jurisdiction. By order dated May 24, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co*., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that

the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must

accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79

(2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of

action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating

legal conclusions from well-pleaded factual allegations, the Court must determine whether those

facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*.

## BACKGROUND

Named as Defendants in this complaint are two John Does and "Munaplity/Coperate

Quo/8.30g." (ECF 1.) Plaintiff used the court's general complaint form, on which she wrote only

"see attached," and to which are attached are more than 600 pages of documents, including

photographs; checks from Webster Bank in Waterbury, Connecticut showing a full account

number; tax forms; an application for food stamps; Plaintiff's learner's permit and birth

certificate; emails between Plaintiff and various entities, including Praxis Housing and Liberty

Mutual; documents from a Bronx Family Court matter that include the full name of Plaintiff's

minor child; texts with a "case worker"; handwritten pages about an incident involving the

police; and several documents entitled "complaint" and "claims" that appear to be about a variety

of matters involving multiple different parties. (ECF 1 and 1-1.) Plaintiff does not specify the nature of the relief that she seeks from the Court.

Plaintiff does not provide a mailing address in her complaint, but she includes three email addresses. (ECF 1 at 8.) Upon opening this new action, the Clerk's Office docketed the court's March 18, 2024 Standing Order, directing all self-represented litigants to inform the court of any change of address or electronic contact information. *See In Re: Cases Filed By Pro Se Plaintiffs*, *This Matter Relates To: Duty of Self-Represented Parties to Keep Address Information Current*, No. 24-MC-127 (LTS) (S.D.N.Y. Mar. 18, 2024). On May 30, 2024, Plaintiff submitted a request for documents, stating that she filed the originals with the Court as attachments to the complaint. (ECF 6.) Plaintiff indicates in that submission that she has "no address." (*Id.* at 1.)

## DISCUSSION

A.    **Federal Rule of Civil Procedure 5.2**

The Federal Rules of Civil Procedure requires that court filings include only the year of a person's birth, and only the last four digits of any financial accounts. *See* Fed. R. Civ. P. 5.2(a)(2), (4). Rule 5.2(a)(3) requires that any court submissions referring to a minor must only include the minor's initials. Attachments to Plaintiff's complaint include the full name of Plaintiff's minor child as well as Plaintiff's date of birth and full account numbers for financial accounts. The Court has directed the Clerk of Court to limit electronic access to the complaint (ECF 1) to a "case-participant only" basis. Because court records are public, Plaintiff should refrain from filing documents containing personal information. Going forward, Plaintiff must comply with Rule 5.2(a)(3) when submitting any future documents by redacting (omitting, blacking out, or otherwise making unreadable) any such personal information.

**B.    Federal Rule of Civil Procedure 8**

Plaintiff's complaint does not satisfy federal pleading rules. She does not provide a short and plain statement showing that she is entitled to relief, as is required by Rule 8, or include any facts explaining who defendants are or what they did to violate her rights. In order to state a claim for relief, a complaint must contain enough facts to allow the Court to reasonably infer that the defendant is liable to the plaintiff. *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 555). The Court understands that Plaintiff is claiming that Defendants unlawfully harmed her, but because it is unclear from the complaint what happened or how Defendants allegedly violated Plaintiff's rights, she fails to state a claim for relief. Plaintiff provided the Court with hundreds of pages of documents without explaining their relevance to the events giving rise to this complaint. The Court grants Plaintiff leave to file an amended complaint to provide facts explaining who Defendants are, what occurred, and the nature of the relief she seeks.

**C.    Lack of an address or consent to electronic service**

The Court has been unable to serve any of its orders on Plaintiff because she did not provide a mailing address to the Court or consent to service of documents by electronic means, *see* Fed. R. Civ. P. 5(b)(2)(E) (permitting service by electronic means if the person has consented in writing). Plaintiff's complaint may be dismissed if she fails to timely respond to court orders. The Court encourages Plaintiff to either provide a mailing address where she can be served by mail, or consent to receive electronic service if she has the means to receive documents by email, such as on a phone or computer. To consent to electronic service, Plaintiff should provide one email address only.

**D.    Request for documents**

The statute governing IFP proceedings, 28 U.S.C. § 1915, only waives the filing fees, and does not state that indigent parties are entitled to free copies of documents. *See Abbas v. Goord*,

No. 06-CV-0648, 2007 WL 2891631, at *3 (N.D.N.Y. 2007); *Wilson v. Wells*, No. 17-CV-40, 2017 WL 6667515, at *1 (D. Conn. Sept. 6, 2017) ("The plaintiff [proceeding IFP] is not entitled to free copies of court documents." (citing *Collins v. Goord*, 438 F. Supp. 2d 399, 416 (S.D.N.Y. 2006))); *Hafer v. Comm'r of Soc. Sec.*, No. 22-CV-972, 2022 WL 17366452, at *3 (E.D. Cal. Dec. 1, 2022) (holding that 28 U.S.C. § 1915(a) does not entitle a plaintiff to a waiver of costs, such as for photocopying and transcript fees).

The Court must therefore deny Plaintiff's request for free copies of court documents. The Pro Se Intake Unit forwarded Plaintiff's request to the Court's Records Management office for processing, and Plaintiff may follow up with that office should she wish to pay the fees for copies of any documents.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's *pro se* status, and in an abundance of caution, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.

Plaintiff must name as the defendant(s) in the caption[1] and in the statement of claim those individuals who were allegedly involved in the deprivation of her federal rights. If Plaintiff does not know the name of a defendant, she may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[2] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending her complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, she must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

---

[1] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, she should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[2] For example, a defendant may be identified as: "Police Officer John Doe #1 on duty August 31, 2010, at [identify the location], during the 7-3 p.m. shift."

    c) a description of the injuries Plaintiff suffered; and

    d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint. Because Plaintiff is not required to prove her allegations, it is not necessary for her to attach documents to the amended complaint. What the Court requires at this stage is a clear and concise explanation of the events giving rise to this complaint, the nature of Plaintiff's claims, and the nature of the relief that she seeks.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-3991 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted. The motion for copies of documents is denied. The form to consent to electronic service is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

  Dated:    August 19, 2024
            New York, New York

/s/ Laura Taylor Swain
_____
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____      \_\_\_\_ **Civ.** _____ ( \_\_\_\_ )
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

                                                          **AMENDED**
                    **-against-**                          **COMPLAINT**

_____      Jury Trial:  ☐ Yes    ☐ No
_____                  (check one)
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**I.    Parties in this complaint:**

A.    List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff        Name _____
                 Street Address _____
                 County, City _____
                 State & Zip Code _____
                 Telephone Number _____

B.    List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1     Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant No. 2     Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant No. 3     Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant No. 4     Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal Questions        ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

_____

III.    **Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____

_____
_____

C.    Facts: _____

_____

| What happened to you? |

_____
_____
_____

| Who did what? |

_____
_____

_____

| Was anyone else involved? |

_____
_____

| Who else saw what happened? |

_____
_____
_____

IV.    **Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____
_____
_____
_____
_____

**V.    Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are

seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff     _____

Mailing Address            _____

                           _____

                           _____

Telephone Number           _____

Fax Number *(if you have one)*  _____


<u>Note</u>:    All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners
must also provide their inmate numbers, present place of confinement, and address.


<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.


Signature of Plaintiff:     _____

Inmate Number               _____